### Hicks *v.* Hill.

Lumpkin, J. The evidence in this case was sufficient to sustain a recovery. The amount, however, was larger than the evidence authorized. The plaintiff could not recover more than he had been caused to pay out by reason of the representations and conduct of the defendant, and interest at seven per cent. thereon. The only evidence on that subject was that he paid "$175.00 and the interest." When the payment was made, or how much interest was paid, does not appear. If the plaintiff will write off from the recovery all in excess of $175, and seven per cent. interest from the date of the filing of the suit, the verdict may stand. Otherwise a new trial will be granted.

    *Judgment affirmed on terms. All the Justices concur.*

   Submitted April 18,—Decided June 13, 1907.

Complaint. Before Judge Kimsey. Habersham superior court. March 7, 1906.

The suit was brought to recover $200 and interest, by reason of the following alleged facts: The defendant represented to the plaintiff that one Keller desired to buy plaintiff's farm on credit, and that Keller was worth from twenty to thirty thousand dollars.

Relying on such representations the plaintiff agreed to sell the farm for $2,000, executed a bond for title, and accepted Keller's notes for the price. He delivered one of the notes, for $200, to the defendant, on demand, as a payment of commission for effecting the sale, having first indorsed it. The defendant negotiated it, and the plaintiff had to take it up on his liability as indorser; it having turned out that the representations as to Keller were not true, and that he was insolvent. The defendant promised to repay to the plaintiff the amount he had been forced to pay out, but failed to do so. The plaintiff obtained a verdict for $175, with interest and costs; and the defendant's motion for a new trial, on the general grounds, was overruled. The headnote states the other material facts.

*J. B. Jones* and *McMillan & Erwin,* for plaintiff in error.